```
                    United States District Court
                      District of Massachusetts
_____
                               )
JEFFREY BLY,                   )
                               )
        Petitioner,            )
                               )    Civil Action No.
        v.                     )    06-11204-NMG
                               )
DAVID NOLAN,                   )
                               )
        Respondent.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

The petitioner, Jeffrey Bly ("Bly"), is currently serving a life sentence for first degree murder. After this Court denied his petition for habeas corpus, he has moved for the issuance of a Certificate of Appealability ("COA").

## I. Background

On April 12, 2000, Bly was convicted of first degree murder and unlawful possession of a firearm and ammunition in Massachusetts Superior Court. He was sentenced to life imprisonment on the murder count and from 54 to 60 months on the unlawful possession count, both to be served concurrently.

Bly appealed his conviction to the Supreme Judicial Court ("the SJC"), arguing that he had been denied effective assistance of counsel because his lawyer failed to limit or object to the

prosecution's cross-examination of Bly and another defense witness about their prior convictions.  On October 24, 2001, the SJC stayed that appeal so that Bly could file a motion for a new trial.  After that motion was denied, on July 13, 2005, the SJC affirmed his conviction.

Bly then filed a petition for writ of habeas corpus on essentially the same grounds as his earlier appeal.  This Court dismissed that petition on July 10, 2008, after accepting and adopting the Report and Recommendation of United States Magistrate Judge Marianne B. Bowler.  This Court found that Bly's claim of ineffective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution was unavailing because it failed to meet both prongs of the test set out in Strickland v. Washington, 466 U.S. 668, 687 (1984).  In response, Bly has filed an application for a COA pursuant to 28 U.S.C. §2253(c).

## II.  Discussion

### A.  Legal Standard

A habeas petitioner may not appeal the final order of a district court unless the district court issues a COA.  28 U.S.C. §2253(c)(1).  Further, "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right".  28 U.S.C. §2553(c)(2).  In ruling on an application for a COA, a district court must

state which issues satisfy, or fail to satisfy, the standard set forth in §2253(c)(2).  1st Cir. Loc. R. 22.1(a).

Where a court has rejected a constitutional habeas claim on the merits, the COA petitioner must show

> that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further."

Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983) (citations omitted).

### B.   Analysis

In support of his application for a COA, Bly contends that this Court's decision regarding his constitutional claim is "debatable among jurists of reason" and appealable on that account.  See Barefoot, 463 U.S. at 893 n.4 (citation omitted). As proof of that assertion, Bly offers two statements: 1) a finding by the trial judge who denied his motion for a new trial that his counsel engaged in "conduct which generally falls measurably below that of an ordinary fallible lawyer" and 2) a comment from the Magistrate Judge's Report and Recommendation that his counsel's conduct was "likely error".

Those statements, however, fall far short of making a "substantial showing" that Bly was denied his right to effective assistance of counsel.  Bly provides both statements out of context.  Even though both the trial court judge and the Magistrate Judge questioned the quality of Bly's representation,

neither concluded that his counsel was so deficient as to have prejudiced him or violated his Sixth Amendment right. Indeed, for that reason, the trial judge denied Bly's motion for a new trial and the Magistrate Judge recommended denial of his petition for habeas corpus. Bly presents a valid argument that his counsel may not have engaged in commendable trial technique but not every shortcoming at trial amounts to ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

Bly offers no evidence or law to controvert this Court's conclusion that he suffered no prejudice as a result of his counsel's trial performance. Therefore, he has failed to show that his constitutional right to effective assistance of counsel was denied.

### ORDER

In accordance with the foregoing, Petitioner's request for a Certificate of Appealability (Docket No. 23) is **DENIED**.

**So ordered**.

                     /s/ Nathaniel M. Gorton

                     Nathaniel M. Gorton
                     United States District Judge

Dated October 24, 2008